UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LE HONG HUNG,

                Plaintiff

MEMORANDUM DECISION AND ORDER

Case No. 04 Civ. 4679 (GBD)

    -against-

C. O. LINDA LYDER, ET AL.
                Defendants.

------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

    Pro se Plaintiff initially filed an action against corrections officers S. Currie, Linda Lyder, and the Superintendent of Green Haven Correctional Facility, William Phillips, alleging violation of his constitutional rights under the First, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Defendants S. Curries, Linda Lyder, and William Phillips move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff opposes the motion. For the following reasons, Defendants' motion is granted.

    Motions to dismiss are granted where the Amended Complaint "fail[s] ... to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Gant v. Wallingford Bd. of Ed., 69 F.3d 669, 673 (2d Cir. 1995). In reviewing a motion to dismiss, the district court accepts the allegations set forth in the Amended Complaint as true and draws all reasonable inferences in favor of the non-moving party. See Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002). However, "bald

---

[1] After the filing of Defendants' motion to dismiss, Plaintiff subsequently filed a second amended complaint ("Amended Complaint") adding as additional defendants: Mr. Woody, gym worker; Mr. Dan, barber shop worker; Mrs. Zorolnic, school teacher; and corrections officers, D. McGill, R. Kutz, Thorpe, Todriff, and Marry. Other than naming Defendant correction officers McGill and Todriff, the Amended Complaint is devoid of any allegations against these two individuals. The Amended Complaint is dismissed against McGill and Todriff on that basis alone.

contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations," and are insufficient to defeat a motion to dismiss. Citibank, N.A. v. Itochu Int'l. Inc., No. 01 Civ. 6007, 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003) (Daniels, J.). This Court is mindful of the fact that plaintiff is pro se and that his amended complaint must be held to less stringent standards than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curium); Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989).

The majority of Plaintiff's allegations are indecipherable. It appears that he is complaining of a problem with his personal mail since his arrival at the Green Haven Correctional Facility ("Green Haven") on or about August 22, 2002.[2] Plaintiff appears to allege that some inmates[3] requested that the mail clerk, Defendant corrections officer, Linda Lyder, send his mail to them. Plaintiff contends that he wrote to the Superintendent of Green Haven, Defendant William Phillips ("Superintendent"), and also wrote to the "Grievance Sergeant." Plaintiff does not state what he wrote to the Superintendent or the Grievance Sergeant. Plaintiff asserts he did not receive a response from either the Superintendent or the Grievance Sergeant for over a year.

After writing to Commissioner Glenn S. Goord,[4] two sergeants–Jan Doe and a "Hann"–came to speak with him. They asked Plaintiff whether he wanted protection. Plaintiff states that he informed Sergeant Hann that he did not want protection, that he did not want any problems, that he only wanted inmates to stop writing to his family, relatives and friends. He

---

[2] It is unclear during what time frame Plaintiff's alleged claims occurred. In a letter to the Court dated June 7, 2005, Plaintiff restates his allegations of mail tampering and indicate that they are continuous.

[3] Plaintiff identifies these inmates to be Muslim, Spanish, or Black.

[4] The Amended Complaint asserts that a letter was sent to "Commissioner Groard".

alleges that the inmates continued to do what they wanted. Plaintiff asserts that his personal mail was continually given to other inmates. The inmates would change or rewrite the letters, or mark "grievance" on his mail. The inmates even put feces in his mail. A corrections officer, by the name of Marry, would give Plaintiff's packages to other inmates. Further, Plaintiff seems to allege that another corrections officer, Thorpe, was working in the mess hall and some inmates asked Thorpe to take his personal mail to give to them as a favor. Plaintiff appears to allege that "civilians", in particular, Mr. Dan from the barber shop, Mrs. Zorolnic, a teacher, and Mr. Woody, a gym worker, were "involved" in his personal mail.

Additionally, when Plaintiff's family, relatives, and friends visited, they were lied to and threatened. It is unclear who Plaintiff alleges lied to or threatened his family. Plaintiff also contends that he was stopped from seeing his family. Pictures of his grandchildren were passed around among the inmates. Some inmates threatened to kidnap his kids. He wrote to his family to warn them, but an officer R. Kutz informed the inmates. Also, Officer Kutz took his phone number, blocked it, and gave his phone numbers to inmates to make calls threatening harassment. Plaintiff wrote to his counselor that this was unlawful retaliation from the prison guard.

## INTERFERENCE WITH PERSONAL MAIL

To plead a claim under 42 U.S.C. § 1983, Plaintiff must allege that (1) Defendants acted under the color of law and (2) that Defendants deprived him of a constitutionally protected right. See Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). With the exception of corrections officer, Marry, Plaintiff attributes no specific conduct to the remaining individual defendants. In pleading deprivation of constitutional rights under section 1983, Plaintiff's complaint, must allege how "defendants were directly and personally responsible for the purported unlawful conduct", otherwise the complaint on its face is "fatally defective." See Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989); Alfaro Motors, Inc. v. Ward, 814 F.2d 883,

3

886 (2d Cir. 1987). In his Amended Complaint, Plaintiff alleges that inmates requested that the mail clerk/corrections officer, Lyder, or that corrections officer Thorpe, send these unnamed inmates his mail. However, Plaintiff does not allege that Lyder or Thorpe actually sent his mail to these or any other inmates. Further, Plaintiff makes no specific allegation against the Superintendent of Green Haven, other than to state that he wrote to the Superintendent presumably on the mail tampering claims, and that the Superintendent did not respond for over a year. He asserts no personal involvement by the Superintendent in the tampering of his mail. Nor does he contend that the Superintendent somehow had knowledge of, or acquiesced in, some alleged unlawful conduct of his subordinates. Absent such a showing, the Superintendent cannot be held liable under section 1983. See Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); accord Jermosen v. Coughlin, 877 F. Supp. 864, 868-70 (S.D.N.Y. 1995). Although Plaintiff does contend that inmates rewrote his letters, wrote "grievance" on his mail, or placed feces in his mail, Plaintiff does not allege how these inmates actually obtained Plaintiff's mail, or that they somehow obtained the mail from any named defendants. Therefore, as to these Defendants, the motion to dismiss the Amended Complaint is granted.[5]

With regards to Defendant Marry, Plaintiff specifically alleges that this Defendant gave his packages to other inmates. Plaintiff does not assert how many times this conduct occurred. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Furthermore, courts have

---

[5] Plaintiff's bald contention that corrections officer Kutz informed inmates of Plaintiffs warnings to his family is insufficient to defeat the motion to dismiss. Further, to the extent Plaintiff seeks to make a retaliation claim against Kutz or the other Defendants, this claim also lacks support. Plaintiff cursorily asserts unlawful retaliation by a prison guard because he filed a lawsuit. However, Plaintiff does not allege what lawsuit he is referring to or which prison guard retaliated against him. Plaintiff contends he has witnesses but supplies no specifics to support his allegations. A "complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

afforded greater protection to legal and outgoing mail than to incoming personal mail. See id. (collecting cases); see also Davidson v. Scully, 694 F.2d 50, 53 (2d Cir. 1982) (discussing legal mail as more of a concern because of its potential interference with a prisoner's right of access to the courts). Plaintiff does not allege any specific harm caused by the other inmates receiving his packages. He does not claim that he never received his packages. See, e.g., Stinson v. Sheriff's Dep't Sullivan County, 499 F. Supp. 259, 264 (S.D.N.Y. 1980). Plaintiff's allegations center on his personal, incoming mail.[6] Therefore, to succeed on his claim for violation of his constitutional rights regarding his incoming non-legal mail, Plaintiff's Amended Complaint must demonstrate "a pattern and practice of interference that is not justified by any legitimate penological concern." Cancel v. Goord, No. 00Civ2042, 2001 WL 303713, at * 6 (S.D.N.Y. Mar. 29, 2001) (cited in Davis, 320 F.3d at 351). Although, Plaintiff seems to allege that his mail is continually interfered with, he does not specifically allege that Defendant Marry (or the other Defendants) regularly gave his packages or mail to inmates to suggest a pattern or practice. As such, Plaintiff does not state a cause of action for which relief can be granted.[7]

---

[6]In his June 7th letter to the Court, Plaintiff states that "even [his] legal mail" is tampered with. However, Plaintiff does not argue that his right of access to the courts is hampered because of any interference with his legal mail. To the contrary, Plaintiff's access to this Court has not been hindered. Plaintiff's letter to the Court was received. Further, Plaintiff has filed a complaint, an amended complaint, and a second amended complaint in this action. He has also filed an opposition to Defendants' motion to dismiss.

[7]Plaintiff has totally failed to articulate a cause of action against the "civilian" Defendants named in his Amended Complaint. To the extent Plaintiff suggests that these private individuals were state actors because they were "involved" with his mail in violation of his Fourteenth Amendment rights, this claim has no merit. Private individuals who act in concert with state officials may be liable under section 1983 although they are not state officials. See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Kletschka v. Driver, 411 F.2d 436, 448 (2d Cir. 1969). However, Plaintiff makes no allegation, nor is there any basis to infer, that these private Defendants worked in concert with the state officials to interfere with his mail. Plaintiff cannot maintain a cause of action against the state officials named herein. Resultantly, Plaintiff has failed to state a claim under section 1983 that the non-state Defendants conspired, or acted in conjunction with the state officials to deprive him of his constitutional rights. See Roesch v. Otarola, 980 F.2d 850, 854-55 (2d Cir. 1992).

5

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiffs' Amended Complaint is dismissed in its entirety. It is not necessary for the Court to address the other arguments raised in favor of dismissal.[8]

Dated: New York, New York
      June 14, 2005

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[8] In support of their motion to dismiss, Defendants' argued that Plaintiff failed to comply with the District Court's order requiring that Plaintiff's Amended Complaint make a short and plain statement of the relevant facts supporting his claim against each named defendant; that Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Reform Act of 1995; and that Plaintiff failed to make a prior showing of physical injury.